# UNITED STATES DISTRICT COURT
## Southern District of California

UNITED STATES OF AMERICA
V.

Matthew C. Gless

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER: 03CR1090-W

REGISTRATION NO. 85960198

**Date of Original Judgment:** 12/17/08
**(Or Date of Last Amended Judgment)**

James D. Riddet
Defendant's Attorney

| | | | |
|---|---|---|---|
| | Correction of Sentence on Remand (Fed. R. Crim. P. 35(a)) | | Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e)) |
| | Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b)) | | Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1)) |
| | Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c)) | | Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2)) |
| | Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36) | | Direct Motion to District Court Pursuant to |
| | | | 28 U.S.C. § 2255 / 18 U.S.C. § 3559(c)(7) |
| | | X | Modification of Restitution Order |

**THE DEFENDANT:**

[X] pleaded guilty to count(s) one and two of the information

[ ] was found guilty on count(s) ____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | Conspiracy | 1 |
| 15 USC 78j(b) and 78ff, and 17 USC 240.10b-5. | Fraud in connection with the purchase and sale of securities | 2 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[X] Assessment:$200.00, payable forthwith.

[X] Fine Ordered waived

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

December 17, 2008
Date of Imposition of Sentence

THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

FILED
MAR - 9 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

DEFENDANT:Matthew C. Gless
CASE NUMBER:03CR1090-W

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months on count 1, 63 months on count 2, to run concurrently.

The Court makes the following recommendations to the Bureau of Prisons:
The Court recommends placement in prison camp at Lompoc, California.

The defendant is ordered to surrender to the institution designated by the Bureau of Prisons or to the United States Marshal by 12:00 noon on 3/20/09.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________________ to ______________________________

at ______________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Matthew C. Gless
CASE NUMBER:03CR1090-W



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years, each count, concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

**For offenses committed on or after September 13, 1994:**

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than eight drug tests per month during the term of supervision, unless otherwise ordered by the court .

X The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

X The defendant shall cooperate in the collection of DNA as directed by the probation officer pursuant to 18 USC 3583(d).

__ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

__ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

### STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer, truthfully, all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements.

DEFENDANT:Matthew C. Gless
CASE NUMBER:03CR1090-W

## SPECIAL CONDITIONS OF SUPERVISION

- The defendant shall submit to search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable time and in a reasonable manner, by the probation officer or other law enforcement officer.

-The defendant shall report all vehicles owned, operated, or in which the defendant has an interest to the probation officer.

- The defendant shall provide complete disclosure of personal and business financial records to the probation officer as requested.

-The defendant shall not engage in the employment or profession involving corporate fiduciary responsibilities or the purchase or sale of securities.

-The defendant shall notify the collections unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, entity, including a trust, partnership or corporation, until restitution is paid in full.

-The defendant shall notify the collections unit, United States Attorney's Office, before transferring any interest in any property owned directly or indirectly by him, including any interest held or owned under any other name or entity, including trusts, partnerships or corporations, until restitution is paid in full.

-Until restitution has been paid, notify the Clerk, U.S. District Court and the United States Attorney's Office of any change in his mailing or residence address, no later than thirty days after the change occurs.

DEFENDANT:Matthew C. Gless
CASE NUMBER: 03CR1090-W

RESTITUTION PROVISION OF THE JUDGMENT

The defendant shall pay restitution in the amount of $2,088,812.00 to the Clerk, U.S. District Court, who shall forward payment to the Peregrine Systems Settlement Fund Escrow Account, c/o Mr. Bruce Cozzi, Gilardi & Co., LLC, 3301 Kerner Blvd., San Rafael, CA 94901, for distribution to victims of the securities fraud alleged in In Re Peregrine Systems, Inc., Securities Litigation, Case No. 02C0870-BEN(RBB) (S.D. Cal.), according to the plan of allocation approved by the district court in that case. This Court finds that the plan of allocation in In Re Peregrine Systems, Inc. Securities Litigation is a reasonable procedure to recognize the rights and interests of the victims of the securities fraud crimes charged in this criminal case.

Payment of the restitution shall be forthwith. If the defendant does not pay full restitution before incarceration or supervised release, the defendant shall pay restitution during his incarceration through the Inmate Financial Resonsibility Program at the rate of 30% of the defendant's income, or $25.00 per quarter (whichever is greater), and during supervised release, defendant shall pay restitution at the rate of not less than 30% of the defendant's yearly income. These payment requirements do not foreclose the United States from exercising all legal actions, remedies and process available to it to collect the restitution judgment at any time.

The defendant shall receive a credit against this restitution order for amounts he has previously paid to settle various civil lawsuits brought by victims of the fraud associated with Peregrine Systems, Inc., including Bains v. Moores, et al., In Re Peregrine Systems, Inc., Securities Litigation, Allocco v. Gardner, et al., and Ariko v. Moores, et al., all pending in the Superior Court of San Diego County or the United States District Court for the Southern District of California.

Until restitution has been paid, the defendant shall notify the Clerk, U.S. District Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty days after the change occurs.